STATE OF NORTH CAROLINA v. DONALD RAY ENGLISH

No. 7526SC609

(Filed 19 November 1975)

Searches and Seizures § 3— search warrant for methamphetamine — sufficiency of affidavit

    An affidavit was sufficient to support a search warrant where it contained a recitation by a confidential informant that he had been with defendant within the past 24 hours and had seen him in possession of methamphetamine.

APPEAL by defendant from *Thornburg, Judge.* Judgment entered 19 February 1975 in Superior Court, MECKLENBURG County. Heard in the Court of Appeals 24 October 1975.

Defendant was charged in separate warrants with the misdemeanors of (1) possession of a hypodermic needle and syringe for purpose of administering controlled substances, and (2) possession of approximately 12 grams of marijuana. He was found guilty in district court and appealed to superior court from judgments imposing prison sentences aggregating 12 months.

Evidence presented by the State tended to show: Around 1:00 a.m. on 5 January 1974, Officer J. A. Bailey of the Charlotte Police Department obtained a warrant to search the room of defendant (Room 428) at the Days Inn Motel located at 4419 Tuckaseegee Road. Armed with the search warrant, Bailey and other officers went to the motel room at about 1:30 a.m. where they found defendant and four other persons. Defendant appeared to be under the influence of some type of drug; his face was flushed, he appeared nervous, and talked fast. After reading the search warrant to defendant, the officers proceeded to search the room. In the pocket of a flannel-type shirt or jacket located on a chair, the police found a quantity of marijuana and a needle and syringe with some type of liquid residue in it; they also found a quantity of marijuana on a table. While in the room defendant told the police that everything in the room was his and not to arrest any of the other people. The residue in the syringe was analyzed at the police laboratory and determined to contain amphetamines.

As a witness for himself, defendant admitted that he rented the room, that the jacket was his, and that he knew the contra-

band was in the room when the police arrived. However, he denied ownership of the contraband, contending that it was brought there by, and belonged to, other people.

The jury found defendant guilty as charged and the court entered judgments imposing a 12 months' prison sentence on (1) and a six months' prison sentence, to run concurrently, on (2). Defendant appealed.

*Attorney General Edmisten, by Special Deputy Attorney General James L. Blackburn, for the State.*

*Elam & Stroud, by William H. Elam, for defendant appellant.*

BRITT, Judge.

All of defendant's assignments of error relate to his contention that the affidavit upon which the search warrant was issued is defective for the reason that it does not set forth sufficiently detailed underlying circumstances. The contention has no merit.

The affidavit provides as follows:

"J. A. Bailey, Patrolman, Charlotte-Mecklenburg Vice Control Bureau being duly sworn and examined under oath, says under oath that he has reliable information and reasonable cause to believe that Donald English has on his premises/on his person controlled substances, to wit: Methamphetamine in violation of the North Carolina law. These illegally possessed controlled substances are located on the premises/on the person described as follows: two story brick building at 4419 Tuckaseegee Rd. Room 428 Days Inn, Charlotte, N. C. The facts which establish reasonable grounds for issuance of a search warrant are as follows: I have received reliable information from a reliable and confidential informer who states that a white male known to him as Don English has Methamphetamine at his room in the Days Inn at 4419 Tuckaseegee Rd. I have known this informer for approximately 2 years. He has furnished information which led to the arrest and conviction of David Norman Bridges for possession of barbiturates, Marijuana, and tylenol with Codine. Bridges was arrested 27 January 1973. He also gave information which led to the arrest

and conviction of James David Redmon for possession of Marijuana. Redmon was arrested 6 May 1973.

"This informer states that he has been with this Don English within the past 24 hours and has seen him in possession of Methamphetamine. This informer states that he knows what methamphetamine is and in fact says he has used it in the past."

Defendant concedes that the description of premises proposed to be searched is sufficiently set forth in the affidavit and that it contains sufficient information to substantiate the reliability of the confidential informant as far as barbiturates, marijuana, and tylenol are concerned. However, he argues that the affidavit does not contain sufficient facts from which the magistrate could reasonably conclude that the controlled substance for which the search warrant was issued would be found on the premises.

It is now well settled that a search warrant will not be issued except upon a finding of probable cause. State and federal decisions require the issuing magistrate to have before him circumstances which raise a reasonable ground to believe that the proposed search will reveal the presence of the objects sought upon the premises to be searched and that such objects will aid in the apprehension or conviction of the offender. *State v. Campbell,* 282 N.C. 125, 191 S.E. 2d 752 (1972) ; *State v. Vestal,* 278 N.C. 561, 180 S.E. 2d 755 (1971). The sufficiency of affidavits supporting search warrants has been discussed in several recent decisions: *See State v. Edwards,* 286 N.C. 162, 209 S.E. 2d 758 (1974), and cases therein cited.

In *Edwards,* the Supreme Court pointed out, among other things, that probable cause cannot be shown by affidavits which are purely conclusory and do not set forth any of the underlying circumstances upon which that conclusion is based. The court held insufficient an affidavit by an informant stating that "there is non tax paid whiskey at above location at this time" for the reason that the informant did not state the basis for his conclusion.

In the case at hand, the informant provided the basis for his conclusion—that he had been with defendant "within the past 24 hours" and had seen him in possession of Methamphetamine. While the search of defendant and his motel room did not reveal the specific controlled substance stated in the affidavit,

the seach did reveal other controlled substances and contraband, including a needle and syringe laced with an amphetamine residue. Defendant does not cite, and our research fails to disclose, any authority that would render the contraband found inadmissible when the search warrant and the supporting affidavit are legally sufficient.

We hold that the affidavit was sufficient to support the search warrant, that the search of defendant's motel room was legal, and that the admission of evidence with respect to contraband found in the room was proper. All of defendant's assignments of error are overruled.

No error.

Judges VAUGHN and ARNOLD concur.