STATE OF NORTH CAROLINA v. JOHN JUNIOR PARKER

No. 765SC5

(Filed 5 May 1976)

1. Criminal Law § 126— unanimity of verdict — instruction misleading

Defendant is entitled to a new trial where the trial court's instruction on unanimity of the verdict was susceptible of the interpretation that when a vote was taken and there was a majority—either for conviction or acquittal—the minority must then cast their votes with the majority and make the verdict unanimous before returning the verdict in open court.

2. Criminal Law § 89— corroborative evidence — time for giving instruction

The better practice requires the court, upon timely request, to instruct the jury with respect to corroborative evidence at the time the evidence is admitted rather than to wait until the final charge to give such an instruction.

APPEAL by defendant from *Martin (Perry), Judge*. Judgment entered 28 July 1975 in Superior Court, NEW HANOVER County. Heard in the Court of Appeals 14 April 1976.

Defendant, indicted for murder, was tried for and convicted of second-degree murder. From judgment sentencing him to a term of imprisonment, defendant appealed.

*Attorney General Edmisten, by Associate Attorney Daniel C. Oakley, for the State.*

*Lionel L. Yow for defendant appellant.*

MORRIS, Judge.

[1]    During the course of its charge, the trial court advised the jury that " . . . before you return your verdict it must be unanimous. You cannot return a verdict without a majority vote. That does not mean that your verdict must be unanimous when you retire. It means that it must be unanimous when you return to open court to announce it, because the jury is a deliberative body. You are to sit together, discuss the evidence, recall and review it all and remember it all; then after you have deliberated together return an unanimous verdict to open court." Defendant contends that this portion of the charge constituted error sufficiently prejudicial to require a new trial. We agree.

In our opinion the instruction is misleading and confusing. It is true that the jury was properly instructed that before they returned a verdict, it must be unanimous. There can be no doubt but that in this State no person can be finally convicted of a crime except by the unanimous consent of a jury of 12 persons properly impanelled. *State v. Hudson,* 280 N.C. 74, 185 S.E. 2d 189 (1971), cert. denied 414 U.S. 1160; N. C. Const., Art. I, § 24. However, the instruction before us is susceptible of the interpretation that when a vote is taken and there is a majority—either for conviction or acquittal—the minority must then cast their vote with the majority and make the verdict unanimous, before returning the verdict in open court. This, of course, is not the case and must not be the case. Because we cannot know whether the jury was misled by the instruction, there must be a new trial.

[2]    Defendant also contends that the court committed error in refusing, upon timely request, to instruct the jury with respect to corroborative evidence at the time the evidence was admitted. The court, when defendant asked for instructions to the jury on the purpose of the evidence, replied that he would instruct that when he gave the final charge. He did do this, and adequately. Nevertheless, the better practice requires that the

court, upon request, instruct the jury at the time the evidence is admitted, if timely request is made. $\S$ee *State v. Bryant*, 282 N.C. 92, 191 S.E. 2d 745 (1972), cert. denied 410 U.S. 958 and 410 U.S. 987; *State v. Paige*, 272 N.C. 417, 158 S.E. 2d 522 (1968); *State v. Hardee*, 6 N.C. App. 147, 169 S.E. 2d 533 (1969); *State v. Battle*, 4 N.C. App. 588, 167 S.E. 2d 476 (1969), cert. denied 275 N.C. 500 (1969); 1 Stansbury, N. C. Evidence, § 52 (Brandis Rev. 1973).

New trial.

Judges PARKER and MARTIN concur.