State v. Sousa

No. 764SC30

(Filed 19 May 1976)

1. **Criminal Law § 92— consolidation of charges against defendant and wife — offenses on different days**
The trial court did not err in consolidating for trial charges against defendant and his wife for possession of L.S.D. with intent to distribute and distribution of L.S.D., although the offenses allegedly committed by the wife occurred on the day before the offenses allegedly committed by the husband, since the offenses were sufficiently connected in time, place and circumstances, and evidence obtained in a search of the residence of defendant and his wife was admissible in the trial of either.

2. **Searches and Seizures § 3— affidavit for search warrant — information from confidential informant.**
Affidavit based on information received from a confidential informant was sufficient to support issuance of a warrant to search defendant's premises for narcotics where it alleged that the informant had been to defendant's premises on three specific dates and bought specific amounts of L.S.D., and that the informant had more than fifteen buys for the narcotics division of the sheriff's office and had given information in the past which led to numerous arrests and convictions.

3. **Searches and Seizures § 3— warrant to search for "marijuana and L.S.D." — showing of probable cause for L.S.D. only**
Warrant authorizing a search of defendant's premises for "marijuana and L.S.D." was not invalid where the affidavit showed prob-

State v. Sousa

able cause only as to the presence of L.S.D. since the inclusion of "marijuana" in the warrant in no way affected its validity in authorizing a search for L.S.D.

4. Criminal Law § 122— instructions to deliberate further — verdict not coerced

The trial court did not coerce a verdict when the jury, after one hour's deliberation, indicated that it might not be able to reach a unanimous verdict, the court instructed the jurors to attempt to reconcile their differences unless they could not do so without violating their individual consciences, the jury deliberated further without reaching a verdict, the court then instructed that if the jury failed to reach a verdict the case would be tried again by another jury, and the jurors were again asked to attempt to reconcile their differences.

APPEAL by defendant from *James, Judge.* Judgment entered 14 August 1975 in Superior Court, ONSLOW County. Heard in the Court of Appeals 16 April 1976.

Defendant was charged in a two-count indictment with (1) felonious possession of L.S.D. with intent to sell and deliver and (2) felonious sale and delivery of L.S.D. Defendant's wife was also indicted on similar charges, and their cases were consolidated for trial. Defendant pleaded not guilty, but the jury returned a verdict of guilty of both counts.

An undercover agent, Ken Jones, testified for the State that on 17 April 1975 he went to defendant's house and bought six green pills from defendant's wife. Defendant's wife indicated that defendant was at softball practice, but that he [defendant] had left the drugs there, and the cost was $2.50 "a hit." Jones paid her $15.00.

On 18 April 1975 Jones returned to defendant's house and defendant and his wife were present. Jones testified that defendant sold him four green pills and he paid $10.00.

Jones went to defendant's house on 21 April 1975 and defendant was not at home. Defendant's wife sold him one green pill and indicated that was all she had.

It was stipulated that all of the pills obtained by Agent Jones contained lysergic acid diethylamide.

Again on 22 April 1975 Jones returned to defendant's house and he was told that defendant had no drugs, but defendant stated that he was expecting delivery of a pound of marijuana later on that night.

Randy Scott testified that he accompanied Jones on 22 April to defendant's house and he overheard defendant say that he expected delivery of a pound of marijuana at nine p.m. that night.

According to their testimony, Deputy Sheriff Henderson and Jones returned to defendant's house about 9:00 p.m. on 22 April 1975. Deputy Henderson had obtained a search warrant and searched the house. No drugs were found, but Henderson did find a "smoking bong," smoking pipes, and two pieces of paper, discovered in a dresser drawer in defendant's bedroom, which contained numbers in multiples of $2.50. Henderson testified that he had a "strong opinion" as to what the numbers meant.

Defendant testified that on 18 April 1975 he smoked marijuana with Jones, and that he occasionally smoked marijuana but not in a "smoking bong." He testified that the bong was not his, and he stated that he never sold L.S.D. to anyone. He identified the slips of paper as betting arrangements with a friend concerning softball hits that each would get during the softball season.

Defendant's wife also testified that neither she nor defendant ever sold L.S.D. to anyone. She said the numbers on the paper referred to a bet her husband had with a friend concerning hits in a softball game.

Donnie Ross testified that he and defendant were on a Marine Corps softball team, and that they had bet $2.50 concerning hits that each would make during the season.

From judgment imposing prison sentence of not less than four nor more than five years, defendant appealed.

*Attorney General Edmisten, by Assistant Attorney General Ralf F. Haskell, for the State.*

*Bailey & Gaylor, by Edward G. Bailey, for defendant appellant.*

ARNOLD, Judge.

[1] Defendant first contends that it was error to consolidate for trial the charges against him and his wife because the offenses allegedly committed by his wife occurred on 17 April 1975 while the offenses for which he was charged occurred on

18 April 1975. We find no merit in the contention. Defendant and his wife were indicted for identical offenses which were connected in time, place and circumstances. Evidence resulting from the lawful search of the residence of defendant and his wife was competent and admissible at the trial of either of them. *See* G.S. 15-152; *State v. Branch,* 288 N.C. 514, 220 S.E. 2d 495 (1975); *State v. Keitt,* 19 N.C. App. 414, 199 S.E. 2d 23 (1973).

[2] Defendant next contends that the affidavit upon which the search warrant was issued is defective. We disagree. The affidavit reads as follows:

> "James E. Henderson Narcotic Agent Sheriff Dept.; being duly sworn and examined under oath, says under oath that he has probable cause to believe that Larry Sousa—Doreen Sousa has on their Premises and Curtilage certain property, to wit: Marijuana and L.S.D. the possession of which is a crime, to wit: G.S. 90-95. The property described above is located on the Premises and Curtilage described as follows: Beige trailer trimmed in gold outline with black at lot 110 Gatlin Trailer Park, Hubert, N. C. The facts which establish probable cause for the issuance of a search warrant are as follows: A reliable and confidential informant has purchased L.S.D. from this residence on three occasions. On 17 April 75 he purchased 6 tablets L.S.D. for $15.00. On 18 April 75 he purchased 4 tablets L.S.D. for $10.00. On 21 April 75 he purchased 1 tablet L.S.D. for $2.00. This informant has given information in the past leading to numerous narcotic arrest and conviction. This informant has made over fifteen Narcotic buys for this Narcotic division and has testified in Court before on Narcotic buys.
>
> s/ JAMES E. HENDERSON<br>Signature of Affiant"

Before issuing a search warrant the magistrate must have before him circumstances which form a reasonable ground to believe that the proposed search will reveal the presence of the objects sought upon the premises to be searched, and that such objects will aid in apprehension or conviction of the offender. *State v. English,* 27 N.C. App. 545, 547, 219 S.E. 2d 549 (1975).

The affidavit in this case is not conclusory. It states the underlying circumstances upon which the conclusions are based.

The basis for the informant's belief that the drugs were where he said they were is provided by the averment that the informant had been to defendant's premises on three specific dates, and that he purchased specific amounts of L.S.D. The basis for the informant's reliability is also provided by the averment that this informant has made more than fifteen buys for the narcotic division of the sheriff's office, and that he has given information in the past which led to numerous arrests and convictions.

[3] Defendant further attacks the sufficiency of the affidavit to support the search warrant because it refers to marijuana, and fails to state the basis for any marijuana, since all the informant's purchases were of L.S.D. Defendant cites *State v. Miller*, 282 N.C. 633, 194 S.E. 2d 353 (1973), where the search warrant was held to be invalid by this Court and the Supreme Court. In *Miller* the warrant authorized a search for intoxicating liquor while the affidavit alleged gambling devices. Clearly there was no probable cause to search for intoxicating liquor.

The warrant in the instant case authorizes a search for "marijuana and L.S.D." We hold that there was an ample showing of probable cause as to the presence of L.S.D., and the inclusion of "marijuana" in the warrant in no way affects its validity authorizing the search for L.S.D.

[4] After one hour's deliberation a juror indicated the jury might not ever reach a unanimous verdict. The jury was then allowed to go home and report back the next morning. The next morning the court instructed the jury to attempt to reconcile their differences unless they could not do so without violating their individual consciences. The jury resumed deliberations but subsequently returned again and stated that they were deadlocked. The court then instructed them that if they failed to reach a verdict the case would be tried again by another jury, and the jury was again asked to attempt to reconcile their differences.

It is defendant's contention that the court improperly coerced the jury to reach a verdict by failing to remind the jurors not to violate their consciences and principles in attempting to reach a verdict.

The court gave specific instructions to the jury that they should not violate their consciences in an attempt to reach a

verdict. Considering all of the court's instructions we fail to see how the jurors could possibly have been misled. Moreover, we find nothing in the instructions that tends to coerce, or in any way intimate an opinion as to what the verdict ought to be. We find no error in the additional instructions to the jury concerning their duty to make an effort to reconcile differences and reach a verdict.

We have examined defendant's remaining assignments of error, including those relating to the court's charge to the jury, and we find no prejudicial error.

No error.

Judges BRITT and VAUGHN concur.