STATE OF NORTH CAROLINA v. LEWIS GUFFEY

No. 7629SC498

(Filed 17 November 1976)

Searches and Seizures § 3— search warrant for liquor — insufficiency of affidavit to show probable cause

In a prosecution for possession of beer for sale in violation of G.S. 18A-7(a), evidence obtained pursuant to a warrant to search defendant's home and car was inadmissible, since the affidavit upon which the warrant was based was insufficient to establish probable cause where it alleged complaints from anonymous informants but contained no information as to their credibility, alleged that county law officers observed users of beer and liquor and known drunks coming and going from defendant's residence but gave no indication as to when the observations were made, and alleged that defendant bought large quantities of liquor at S. C. liquor stores, a legal activity, but made no showing that such activity was unusual or suspicious in any way.

APPEAL by defendant from *Baley, Special Judge.* Judgment entered 18 March 1976 in Superior Court, RUTHERFORD County. Heard in the Court of Appeals 21 October 1976.

Defendant was convicted of possession of beer for sale in violation of G.S. 18A-7(a). He was sentenced to 18 months in prison. The evidence against defendant consisted of a total quantity of over 20 gallons of beer. The evidence was obtained by police officers who, pursuant to a warrant, searched defendant's home and car. The warrant was issued upon the following affidavit by Lt. Floyd A. Laughter of the Rutherford County Sheriff's Department:

> "1. Members of the Rutherford Co. Sheriff's Dept. have received complaints that Lewis Guffey is selling liquor & beer from the above residence.

> "2. Members of the Rutherford Co. Sheriff's Dept. have observed users of liquor and beer and known drunks come to and leave the residence after staying only a few minutes.

> "3. Lt. Laughter and Chief Deputy L. W. Nichols have observed Lewis Guffey in past buy large quantities of liquor at S. C. liquor stores.

> "4. On this date, Lt. Laughter observed Lewis Guffey buy a large quantity of liquor at a S. C. liquor store and place it in the above 1959 Ford and leave in a direction of travel toward his home."

*Attorney General Edmisten, by Associate Attorney Noel Lee Allen, for the State.*

*Robert L. Harris for defendant appellant.*

ARNOLD, Judge.

In this appeal defendant challenges the sufficiency of the affidavit to establish probable cause upon which to issue the search warrant. A search warrant may not issue except upon finding of probable cause to search, and that finding of probable cause must be supported by facts and circumstances attested to in an affidavit accompanying application for the warrant. G.S. 15A-244. Probable cause to search means a reasonable ground to believe that a search of the place named will uncover the objects sought, and that the objects sought will aid in the apprehension or conviction of an offender. *State v. Campbell,* 282 N.C. 125, 191 S.E. 2d 752 (1972); *State v. English,* 27 N.C. App. 545, 219 S.E. 2d 549 (1975).

State v. Guffey

Justice Huskins stated, on behalf of our Supreme Court, in *State v. Campbell, supra* at 130:

> "Probable cause cannot be shown 'by affidavits which are purely conclusory, stating only the affiant's or an informer's belief that probable cause exists without detailing any of the "underlying circumstances" upon which that belief is based . . . . Recital of some of the underlying circumstances in the affidavit is essential if the magistrate is to perform his detached function and not serve merely as a rubber stamp for the police.' *United States v. Ventresca,* 380 U.S. 102, 13 L.Ed. 2d 684, 85 S.Ct. 741 (1965). The issuing officer 'must judge for himself the persuasiveness of the facts relied on by a complaining officer to show probable cause. He should not accept without question the complainant's mere conclusion. . . . ' *Giordenello v. United States,* 357 U.S. 480, 2 L.Ed. 2d 1503, 78 S.Ct. 1245 (1958)."

The affidavit in the instant case avers complaints from anonymous informants, and it contains no information which enables the magistrate to judge either the credibility of the informants, or the correctness of their conclusions. *Aguilar v. Texas,* 378 U.S. 108 (1964); *see also, State v. Vestal,* 278 N.C. 561, 180 S.E. 2d 755 (1971).

While precise references to specific time and dates certainly are not required, the affidavit in question is too imprecise as to *when* observations were made by Rutherford County law officers. See, *State v. English, supra.* Moreover, the purchase of liquor in South Carolina is not an illegal activity, and the affidavit does not state how frequently purchases were made, or make any showing that such activity was unusual or suspicious in any way. Incidentally, we note that only one-half of a half pint of liquor was found on the premises.

The affidavit was insufficient to establish probable cause to issue the search warrant. Therefore, evidence obtained as a result of the search warrant was not admissible. Judgment is reversed, and this cause is remanded to Superior Court for proceedings not inconsistent with this opinion.

Reversed and remanded.

Judges MORRIS and CLARK concur.