STATE OF NORTH CAROLINA v. LEE OMIE CUMBER

No. 765SC658

(Filed 16 February 1977)

**1. Criminal Law § 159— record on appeal — voir dire from another trial**

The trial court did not err in ordering that a *voir dire* held in the trial of defendant for another crime be included in the record of the present case where that *voir dire* was the basis for the court's ruling that no *voir dire* was necessary in the present case to determine the legality of a search of defendant's premises because the search had been found valid in the prior trial.

**2. Searches and Seizures § 3— search warrant — affidavit based on informant's tip**

In order for an affidavit based on an informant's tip to be sufficient to show probable cause for the issuance of a search warrant, the affidavit must contain facts which show that there is illegal activity or contraband in the place to be searched, and it must contain some of the underlying facts and circumstances which show that the informant is credible or that the information is reliable.

**3. Searches and Seizures § 3— information from confidential informant — sufficiency of affidavit**

An affidavit based on information received from a confidential informant contained sufficient underlying circumstances showing the credibility of the informant or the reliability of his information where it stated that the informant had previously provided information which led to arrests and convictions of two named persons and that the informant had recently seen stolen liquor at the premises to be searched.

**4. Criminal Law § 84; Searches and Seizures § 4— seizure of items not listed in warrant — plain view doctrine — inadvertent discovery**

The trial court did not err in determining that an officer's discovery of stolen lawn furniture in plain view on defendant's premises while executing a warrant to search for stolen liquor was "inadvertent," and that the furniture was admissible in evidence, where the officer had previously been informed that the furniture was on defendant's premises by an informant who had not been proven reliable, and the officer lacked legal probable cause to believe the furniture would be on the premises until he actually went to the premises to assist in the execution of the warrant to search for liquor.

**5. Criminal Law § 84; Searches and Seizures § 4— legality of search — determination in trial for another crime — no right to another voir dire**

Defendant was not entitled as a matter of right to another *voir dire* on the legality of a search of her premises where the legality of the search had been determined after a *voir dire* conducted in a prior trial of defendant for another crime and defendant had been fully

heard in the prior trial on the issue of the admissibility of evidence seized from her premises.

**6. Criminal Law § 34— evidence of another crime — acquittal of larceny — competency to show common scheme of receiving**

In this prosecution for larceny and receiving of lawn furniture, a witness's testimony concerning lawn furniture which had been stolen from him and found on defendant's premises along with the lawn furniture in question was admissible to show a common scheme of receiving stolen property, although defendant had previously been acquitted of larceny of the witness's furniture.

**7. Criminal Law § 126— unanimity of verdict — erroneous instruction**

Defendant is entitled to a new trial where the court's instruction on unanimity of the verdict was susceptible to the interpretation that when a vote is taken and there is a majority, either for conviction or acquittal, the minority should then cast their votes with the majority and make the verdict unanimous before returning the verdict in open court.

APPEAL by defendant from *Martin, Judge.* Judgment entered 13 February 1976. Heard in the Court of Appeals 18 January 1977.

Defendant was indicted for felonious larceny and receiving stolen goods. Upon a plea of not guilty, she was convicted by a jury of felonious larceny. She was sentenced to imprisonment for four to five years, suspended for five years upon payment of a fine and return of the property.

On 16 September 1976, Sergeant G. M. Vallender of the New Hanover County Sheriff's Department received information from a confidential informant regarding the whereabouts of 57 cases of liquor which had been stolen from A.B.C. Store # 4 in Hampstead, North Carolina. Acting pursuant to this information, Vallender obtained a warrant to search a house trailer belonging to defendant. He was accompanied to the premises by Lieutenant Radewicz, also of the New Hanover Sheriff's Department. The two officers searched the premises but were unable to locate the missing liquor. They did, however, notice certain lawn furniture in defendant's yard which matched the description of furniture that had been reported stolen. Radewicz, who had been investigating the lawn furniture thefts, made a careful examination of the furniture on the premises and called the owners to identify the property, which they did. Thereupon, the officers seized three sets of lawn furniture as being stolen property, and defendant was subsequently charged by three

separate indictments with the felonious larceny and receiving of each set.

Other relevant facts are set out in the opinion below.

*Attorney General Edmisten, by Associate Attorney Jack Cozort, for the State.*

*Thigpen, Blue and Stephens, by Daniel T. Blue, Jr., for defendant appellant.*

MORRIS, Judge.

[1] State moved to consolidate all charges into one trial, and the motion was denied. This case, 75CR14282, involves furniture allegedly stolen from Joseph Lanier. Previously, however, defendant had been tried before Judge Martin in case 75CR14281 for felonious larceny and receiving of furniture belonging to Lacy Johnson and was acquitted on the charge. In the trial of 75CR14281, a voir dire was held on the issue of the admissibility of the Johnson furniture. After receiving evidence, the trial judge made findings of fact and conclusions of law and held that the Johnson furniture was seized incident to a lawful search and was properly admissible. During the trial of the present case, defendant moved for another voir dire to determine the admissibility of testimony with respect to the Lanier furniture. The motion was denied, and testimony with respect to the Lanier furniture was held admissible. On 5 August 1976, Martin, Judge, ordered that the voir dire of 75CR14281 be made a part of the record on appeal in the present case. Defendant contends that the trial court erred by ordering the inclusion of the voir dire from the other trial into the instant record. We disagree.

Rule 9(b)(3) of the North Carolina Rules of Appellate Procedure sets forth the necessary content of the record on appeal in a criminal case. Subsection (ix) requires that the record shall contain "copies of all other papers filed and *proceedings had in the trial courts* which are necessary for an understanding of all errors assigned . . . " (Emphasis supplied.) In the present case, defendant moved for a voir dire, presumably to determine the legality of the search which led to the seizure of the Lanier furniture. Yet the validity of that search had already been ruled upon as the subject of the voir dire in 75CR14281. It is apparent that the trial judge's denial of the motion for another hearing was based on the order in 75CR14281.

Rule 9(b)(3)(ix) is broadly worded so as to include any proceeding in any court which would be material to the consideration of the case on appeal. If there is a question as to the relevancy of the proceedings from other courts, the parties may settle the dispute according to the procedures provided in Rule 11. We believe, and so hold, that the trial judge properly ordered the inclusion of the voir dire of 75CR14281 into the present record.

Defendant's next assignments of error are directed to the findings and rulings of the trial judge in the voir dire in 75CR14281. Specifically, defendant objects to the judge's finding that "Lt. Radewicz and Sergeant Vallender were lawfully on the premises of 5830 Oleander Drive on the 16th day of September, 1975 for the purpose of lawfully executing a search warrant valid on its fact (sic)."

[2]   A two-pronged test to determine the sufficiency of an affidavit based on an informer's tip to show probable cause to search was set forth in *Aguilar v. Texas,* 378 U.S. 108, 12 L.Ed. 2d 723, 84 S.Ct. 1509 (1964), and *Spinelli v. United States,* 393 U.S. 410, 21 L.Ed. 2d 637, 89 S.Ct. 584 (1969). Under this test, the affidavit must contain facts which show that there is illegal activity or contraband in the place to be searched, and it must contain some of the underlying facts and circumstances which show that the informant is credible or that the information is reliable. *See also: State v. Hayes,* 291 N.C. 293, 230 S.E. 2d 146 (1976) ; *State v. Campbell,* 282 N.C. 125, 191 S.E. 2d 752 (1972) ; *State v. English,* 27 N.C. App. 545, 219 S.E. 2d 549 (1975).

The warrant in question was issued upon an affidavit which stated *inter alia:*

"The applicant swears to the following facts to establish probable cause for the issuance of a search warrant: This information was received by the applicant this date from a confidential reliable informant. This informant has given reliable information in the past that led to the arrest and conviction of James Wayne Smith for B&E Larceny, AWDW. This informant also gave information to lead to the arrest and conviction of Jackie Watts for Escape. The reliable informant stated the liquor stolen from the ABC Store # 4 Hampstead, N. C. was being stored in a trailer

located at 5830 Oleander Drive. The informant has seen said liquor within the past few days."

[3]  Defendant contends that the search warrant failed to meet the requirements of *Aguilar* and *Spinelli* in that it did not state underlying circumstances showing the credibiltiy of the informant or the reliability of his information. We disagree. The affidavit stated that the informant had previously provided information which led to two arrests and convictions. Moreover, the affiant noted that the informant had recently seen the stolen liquor at defendant's premises. We believe, therefore, that the warrant was sufficient to meet the constitutionally-required showing of probable cause. *See State v. Shanklin*, 16 N.C. App. 712, 193 S.E. 2d 341 (1972), *cert. den.*, 282 N.C. 674, 194 S.E. 2d 154 (1973) ; *State v. Altman*, 15 N.C. App. 257, 189 S.E. 2d 793, *cert. den.*, 281 N.C. 759, 191 S.E. 2d 362 (1972) ; *State v. Moye*, 12 N.C. App. 178, 182 S.E. 2d 814 (1971). This assignment is overruled.

[4]  On the voir dire in 75CR14281, Lieutenant Radewicz testified, *inter alia*, that he accompanied Sergeant Vallender to the premises in question to aid in the search for liquor; that he had knowledge of the description of the stolen lawn furniture and had conducted a prior investigation of the theft before going to the trailer; that he had previously been informed that the furniture was on defendant's premises by an informant who had not been proven reliable; that he did not attempt to procure a warrant to search for the furniture because he did not believe he had sufficient information to establish probable cause; and that when he saw the furniture in defendant's yard, he recognized it as matching the description of the stolen furniture. The trial judge concluded that Lt. Radewicz's discovery of the lawn furniture was "inadvertent" and that ". . . after Lt. Radewicz observed the lawn furniture in open and plain view, he possessed sufficient probable cause to believe that the wrought iron lawn furniture . . . was stolen property, and he therefore had sufficient probable cause to seize the said lawn furniture."

Searches, to be reasonable within the scope of the fourth amendment, must be pursuant to a warrant grounded upon probable cause unless they fit into certain carefully defined exceptions. *Cady v. Dombrowski*, 413 U.S. 433, 37 L.Ed. 2d 706, 93 S.Ct. 2523 (1973) ; *Schneckloth v. Bustamonte*, 412 U.S. 218, 36 L.Ed. 2d 854, 93 S.Ct. 2041 (1973). One such exception to

the warrant requirement is the so-called "plain view" doctrine, under which an item is lawfully seized if the officer is where he has a right to be and if the item is in plain view, even though the item is not listed in the warrant. *See Chimel v. California,* 395 U.S. 752, 23 L.Ed. 2d 685, 89 S.Ct. 2034, *reh. den.,* 396 U.S. 869, 24 L.Ed. 2d 124, 90 S.Ct. 36 (1969); *State v. Rigsbee,* 285 N.C. 708, 208 S.E. 2d 656 (1974).

Defendant argues, however, that since Lieutenant Radewicz had received information that the furniture would be on defendant's property, his discovery of it was not "inadvertent" as required by *Coolidge v. New Hampshire,* 403 U.S. 433, 29 L.Ed. 2d 564, 91 S.Ct. 2022, *reh. den.,* 404 U.S. 874, 30 L.Ed. 2d 120, 92 S.Ct. 26 (1971). This is essentially the same contention made in *State v. Rigsbee, supra.* In that case, Justice Moore discussed the controversy and confusion surrounding *Coolidge's* requirement that the discovery of evidence in plain view be inadvertent. *See also United States v. Bradshaw,* 490 F. 2d 1097, 1101 n. 3 (4th Cir.), *cert. den.,* 419 U.S. 895, 42 L.Ed. 2d 139, 95 S.Ct. 173 (1974). However, even assuming *arguendo,* that the "inadvertence" requirement is still valid, which we seriously question, we do not reach this issue. After the voir dire, the trial judge made certain findings of fact and concluded that

> ". . . [t]he discovery of the lawn furniture by Lt. Radewicz was inadvertent in that he lacked legal probable cause to believe that the furniture would be on the premises until he actually went to the premises to assist in the execution of the aforementioned valid search warrant."

Although the evidence is conflicting on whether Radewicz's discovery of the furniture was in fact inadvertent, the trial court's conclusion has factual support in the record. "It is well established in North Carolina that findings of fact made by the trial judge and conclusions drawn therefrom on the voir dire examination are binding on the appellate courts if supported by evidence." *State v. Moore,* 281 N.C. 287, 291, 188 S.E. 2d 332, 335 (1972); *State v. Rigsbee, supra.* We hold, therefore, that the trial judge did not err in admitting the evidence under the plain view doctrine.

During the trial, Lanier was called as a witness by the State. When he testified as to the identity of the lawn furniture, counsel for defendant began a series of objections and motions for a voir dire. The objections were overruled and the motions

denied, and defendant now assigns as error the failure of the trial judge to grant a voir dire.

A voir dire is almost always necessary in order to rule on certain types of objections, such as those involving the introduction of confessions or evidence seized without a warrant, *State v. Altman, supra.* However, a voir dire is not required in all instances. *State v. Vestal,* 278 N.C. 561, 180 S.E. 2d 755 (1971) ; *State v. Altman, supra; State v. Eppley,* 14 N.C. App. 314, 188 S.E. 2d 758, *rev'd on other grounds,* 282 N.C. 249, 192 S.E. 2d 441 (1972). Although a voir dire may be proper when the competency of a witness or admissibility of evidence is in doubt, the burden is generally on the objecting party to show why the evidence is incompetent or inadmissible in order to be entitled to a voir dire on the issue. *Lloyd v. Poythress,* 185 N.C. 180, 116 S.E. 584 (1923). In the present case counsel for defendant did not specify the grounds for or purpose of his repeated motions for a voir dire, and the testimony objected to does not fall within one of the recognized instances where a voir dire is necessary or desirable. We believe, therefore, that the trial judge, in his discretion, properly overruled defendant's motions and committed no error by failing to order the voir dire as requested.

[5] When Officer Radewicz and State Bureau of Investigation Agent Godfrey were called to testify for the State, defendant again moved for a voir dire on the grounds that the evidence had been seized without a valid search warrant and was, therefore, inadmissible. The trial judge denied the motions, and defendant now assigns these denials as error. While a voir dire is generally necessary when the evidence objected to has allegedly been seized without a valid warrant, *State v. Altman, supra,* the issue in the present case for which the hearing was sought, the legality of the search, had previously been fully heard in the voir dire in case 75CR14281. Thus the question before us is not whether defendant was entitled to *a* voir dire on the question but whether she was entitled as a matter of right to *another* hearing on the same issue.

In *State v. Keitt,* 19 N.C. App. 414, 199 S.E. 2d 23, *cert. den.,* 284 N.C. 257, 200 S.E. 2d 657 (1973), this Court held that when criminal defendants have been sufficiently heard on a pretrial motion to suppress evidence, they are not entitled to another voir dire at trial. In the present case, defendant had

been fully heard in 75CR14281 regarding the admissibility of the evidence seized on her premises. We believe, and so hold, that the trial judge's denial of defendant's motions was a valid exercise of its inherent supervisory powers to insure an orderly administration of justice by preventing unnecessary piecemeal defenses. *State v. Vestal, supra.*

[6]   The State called as a witness Lacy Johnson who testified, over objection, regarding his lawn furniture found in defendant's possession along with the furniture allegedly owned by Mr. Lanier. Defendant assigns as error the admission of Johnson's testimony, contending that the evidence was revelant only for the purpose of showing defendant's character or her disposition to commit larceny and should have been excluded. We disagree.

The rule regarding the admission of evidence of other offenses has been stated as follows:

> "Evidence of other offenses is inadmissible on the issue of guilt if its only relevancy is to show the character of the accused or his disposition to commit an offense of the nature of the one charged; but if it tends to prove any other relevant fact it will not be excluded merely because it also shows him to have been guilty of an independent crime." 1 Stansbury, N. C. Evidence, § 91, pp. 289-90 (Brandis Rev. 1973).

The instances in which the evidence has been admitted because it tends to prove other relevant facts were set out in *State v. McClain,* 240 N.C. 171, 81 S.E. 2d 364 (1954). One such instance is that "[e]vidence of other crimes is admissible when it tends to establish a common plan or *scheme embracing the commission of a series of crimes* so related to each other that proof of one or more tends to prove the crime charged and to connect the accused with its commission." (Emphasis supplied.) 240 N.C. at 176, 81 S.E. 2d at 367. *See also State v. Hunter,* 290 N.C. 556, 227 S.E. 2d 535 (1976) ; *State v. McClain,* 282 N.C. 357, 193 S.E. 2d 108 (1972).

In case 75CR14281 involving the Johnson furniture, defendant was indicted for felonious larceny and receiving, but the case went to the jury solely upon the felonious larceny charge. Because defendant was acquitted of the larceny of the Johnson furniture, evidence involving that charge would be irrelevant under the exception in *McClain* to show commission of a series

of larcenies. In the present case, however, the State had not elected to proceed solely upon either the larceny or the receiving charge. Thus while the evidence was inadmissible on the larceny charge, the defendant's acquittal did not negate the inference that defendant might have been involved in a series of receiving offenses, and it was therefore admissible on the receiving charge.

Defendant also contends that the admission of Johnson's testimony regarding his stolen furniture subjected defendant to double jeopardy because the jury was asked to consider again the issue of whether she stole Johnson's furniture. However, Johnson's testimony was admissible for the purpose of showing a common scheme of receiving stolen property, supra, and did not amount to an attempt to re-try defendant for the larceny of Johnson's furniture. The offenses involved were separate and distinct instances of receiving, and double jeopardy is not violated merely because the same evidence is relevant to show both crimes. *State v. McIntosh,* 260 N.C. 749, 133 S.E. 2d 652 (1963), *cert. den.,* 377 U.S. 939, 12 L.Ed. 2d 302, 84 S.Ct. 1345 (1964) ; *State v. Lankford,* 31 N.C. App. 13, 228 S.E. 2d 641 (1976). This assignment is overruled.

[7] Defendant's remaining assignments of error relate to the judge's instructions to the jury. Only one assignment merits discussion. The judge charged, *inter alia:*

> "Now ladies and gentlemen of the Jury, there is no middle ground in this case. You may return only one of two verdicts. Guilty as charged or not guilty. Your verdict must be unanimous. That does not mean it must be unanimous when you retire but it must be unanimous when you return to open court.

> It is not usually well, in the Court's opinion, for a juror to take an adamant position from which he or she says they will not recede under any circumstances when you commence your deliberation for to do so may cause you embarrassment later on in the deliberation in the jury room. When you consult with the other jurors you may find that your original position was erroneous. I say that because a jury is a deliberative body. So when you return to open court you will return a unanimous verdict after you have deliberated together."

Defendant contends that this portion of the charge constituted prejudicial error which warrants a new trial. We agree. The charge is ". . . susceptible of the interpretation that when a vote is taken and there is a majority—either for conviction or acquittal—the minority must then cast their vote with the majority and make the verdict unanimous, before returning the verdict in open court. This, of course, is not the case and must not be the case." *State v. Parker*, 29 N.C. App. 413, 414, 224 S.E. 2d 280, 281 (1976). Accordingly, there must be a new trial.

New trial.

Chief Judge BROCK and Judge BRITT concur.