STATE OF NORTH CAROLINA v. PATRICK D. FLEMMING, Defendant

No. COA04-1043

(Filed 5 July 2005)

**1. Criminal Law— instructions—consensus—unanimity**

An instruction that a jury could reach a verdict by consensus was not plain error where the court twice stated that the jury must unanimously agree.

**2. Sentencing— habitual felon—jurisdiction of underlying felony—collateral attack**

A motion to dismiss an habitual felon charge for insufficient evidence was correctly denied where the motion concerned the jurisdiction of the district court on one of the prior convictions. Questioning the validity of the original conviction is an impermissible collateral attack.

**3. Sentencing— habitual felon—Class I underlying felony—not disproportionate**

Defendant's sentence for being an habitual felon was not grossly disproportionate. Sentencing as an habitual felon where the underlying felony is Class I (as here) or Class H has been affirmed on several occasions.

Appeal by Defendant from judgment entered 25 February 2004 by Judge Catherine C. Eagles in Superior Court, Forsyth County. Heard in the Court of Appeals 13 June 2005.

*Attorney General Roy Cooper, by Special Deputy Attorney General R. Marcus Lodge, for the State.*

*Thorsen Law Office, by Haakon Thorsen, for defendant-appellant.*

WYNN, Judge.

In *State v. Parker*, 29 N.C. App. 413, 414, 224 S.E.2d 280, 281 (1976), this Court held that a trial court's jury instruction to return a majority verdict violated our Constitution's unanimous verdict requirement for criminal trials. N.C. Const. art. I, § 24. In this case, Defendant argues that the trial court's use of the term "consensus" likewise violated the verdict unanimity requirement. Because the trial judge twice repeated that the jury must unanimously agree on a verdict, we find no error. We also find no error in Defendant's remaining arguments.

A jury found Defendant Patrick D. Fleming[1] guilty on the charge of possession of cocaine and found him to be an habitual felon. From his convictions and sentence of eighty-four months to 110 months imprisonment, Defendant appeals, arguing:

(1) The trial court erred in allowing him to be convicted with fewer than twelve jurors finding him guilty;

(2) The trial court erred by denying his motion to dismiss the habitual felon charge; and

(3) His sentence was in violation of constitutional protections against disproportionate punishment.

[1] First, Defendant contends that the trial court erroneously instructed the jury that it could reach a decision with a less than unanimous vote, thereby denying him of a jury of twelve. As Defendant did not object to the instruction at trial, we review the jury instruction for plain error. N.C. R. App. P. 10(b)(1), (c)(4); *State v. Cummings*, 352 N.C. 600, 613, 536 S.E.2d 36, 47 (2000) (explaining that plain error review will be applied only to matters of evidence and jury instructions), *cert. denied*, 532 U.S. 997, 149 L. Ed. 2d 641 (2001); *see also State v. Greene*, 351 N.C. 562, 566, 528 S.E.2d 575, 578 (2000). Plain error is error " 'so fundamental as to amount to a miscarriage of justice or which probably resulted in the jury reaching a different verdict than it otherwise would have reached.' " *State v. Parker*, 350 N.C.

---

1. The judgment lists his name as Patrick D. Flemming.

411, 427, 516 S.E.2d 106, 118 (1999), *cert. denied*, 528 U.S. 1084, 145 L. Ed. 2d 681 (2000) (quoting *State v. Bagley*, 321 N.C. 201, 213, 362 S.E.2d 244, 251 (1987), *cert. denied*, 485 U.S. 1036, 99 L. Ed. 2d 912 (1988)).

The Constitution of North Carolina provides that "[n]o person shall be convicted of any crime but by the unanimous verdict of a jury in open court." N.C. Const. art. I, § 24; N.C. Gen. Stat. § 15A-1201 (2004) ("In all criminal cases the defendant has the right to be tried by a jury of 12 whose verdict must be unanimous."); N.C. Gen. Stat. § 15A-1235(a) (2004) ("Before the jury retires for deliberation, the judge must give an instruction which informs the jury that in order to return a verdict, all 12 jurors must agree to a verdict of guilty or not guilty.").

After the jury found Defendant guilty on the charge of possession of cocaine, the trial court instructed the jury on the habitual felon charge and sent them out to deliberate. After about an hour, the jury sent out the following note: "What do we do when one juror don't (sic) want to vote in this case?" In response, the trial court gave the following charge:

Let me just tell you that it is your duty as jurors and when you took your oath as jurors in this case you did promise and agree to deliberate with each other, to participate in jury deliberations in good faith and to follow my instructions on the law. And, of course, it is your duty and obligation to talk to each other, to reason the matter over together and to do what you can to reach a verdict.

Now, it is your duty to do whatever you can to reach a verdict. You should reason the matter over together as reasonable men and women and to reconcile your differences, if you can, without the surrender of conscientious convictions. Now, no juror should surrender his or her honest conviction about the weight or effect of the evidence solely because of the opinion of his fellow jurors or for the mere purpose of returning a verdict. That is, if you think the verdict should be one way, you shouldn't give that up just because everybody else says otherwise. But you should talk to each other about it, reason the matter over together. It is your duty to do everything you can to try to reach a verdict, if you can do that without giving up your honest convictions. And, of course, by definition that does mean that you have to take a position on the case and say what you think about the case. *Most*

> *juries do that by voting but the verdict sheet does say that you must unanimously agree, whether that's by voting or consensus, as long as you unanimously agree you can return a verdict and it is your duty to take a position on the case and to participate fully in deliberations.*

(emphasis added). Defendant argues that the use of the word "consensus" in the jury instruction created the error as the "court instructed that the juror did not have to vote."

In *Parker*, 29 N.C. App. at 414, 224 S.E.2d at 281, this Court held that where the jury instruction "is susceptible of the interpretation that when a vote is taken and there is a majority—either for conviction or acquittal—the minority must then cast their vote with the majority and make the verdict unanimous, before returning the verdict in open court[,]" prejudicial error exists. In *Parker*, the trial court gave the following instruction:

> . . . before you return your verdict it must be unanimous. You cannot return a verdict without a *majority vote*. That does not mean that your verdict must be unanimous when you retire. It means that it must be unanimous when you return to open court to announce it, because the jury is a deliberative body. You are to sit together, discuss the evidence, recall and review it all and remember it all; then after you have deliberated together return an unanimous verdict to open court.

*Id.* (emphasis added). This Court found that the use of the phrase "majority vote" by the trial court made the instruction misleading and confusing. *Id.*; *see also State v. Cumber*, 32 N.C. App. 329, 338, 232 S.E.2d 291, 297 (1977).

In this case, in response to a question about what to do when a juror does not want to vote, the trial judge instructed the jurors that it was their duty to try to reach a verdict and that "[m]ost juries do that by voting but the verdict sheet does say that you must unanimously agree, whether that's by voting or consensus, as long as you unanimously agree you can return a verdict and it is your duty to take a position on the case and to participate fully in deliberations." The trial judge twice repeated that the jury must *unanimously agree* on a verdict.

In *Parker*, the trial judge told the jury that they could not "return a verdict without a *majority vote*." *Parker*, 29 N.C. App. at 414, 224

S.E.2d at 281 (emphasis added). In contrast, in this case, the trial judge twice repeated that the jury must *unanimously agree.*

**[2]** Next, Defendant argues that the trial court erred by denying his motion to dismiss the habitual felon charge for insufficiency of the evidence. We disagree.

One of the felonies listed on the habitual felon indictment, possession with intent to sell or deliver cocaine, was entered in District Court, Forsyth County. The State submitted as evidence of the prior felony: the prior record level worksheet, the transcript of the plea in District Court, and the magistrate's order on which District Court Judge William Graham recorded sentence on a guilty plea. *See* N.C. Gen. Stat. § 14-7.4 (2004) ("A prior conviction may be proved by . . . the original or a certified copy of the court record of the prior conviction.").

Defendant contends that there was insufficient evidence to prove that the District Court in Forsyth County had jurisdiction to enter a felony conviction. "When appealing the use of a prior conviction as a partial basis for a habitual felon indictment, inquiries are permissible only to determine whether the State gave defendant proper notice that he was being prosecuted for some substantive felony as a recidivist, pursuant to the procedure provided in N.C. Gen. Stat. § 14-7.3 (1993)." *State v. Creason,* 123 N.C. App. 495, 500, 473 S.E.2d 771, 773 (1996), *aff'd per curiam,* 346 N.C. 165, 484 S.E.2d 525 (1997). Questioning the validity of the original conviction is an impermissible collateral attack. *Id.* A defendant may not collaterally attack a prior conviction which is the basis of an habitual felon charge. *Id.* at 501, 473 S.E.2d at 774; *see also State v. Dammons,* 128 N.C. App. 16, 26, 493 S.E.2d 480, 486 (1997). Accordingly, the collateral attack is impermissible, and we overrule the assignment of error.

**[3]** Finally, Defendant argues that his sentence was in violation of constitutional protections against disproportionate punishment. We disagree.

Defendant argues that his sentence, within the mitigated range for an habitual felon, violates the federal and state constitutions, citing *Ewing v. California,* 538 U.S. 11, 155 L. Ed. 2d 108 (2003). This argument has been previously made and rejected by this Court. *State v. Clifton,* 158 N.C. App. 88, 96, 580 S.E.2d 40, 46, *cert. denied,* 357 N.C. 463, 586 S.E.2d 266 (2003). In *Clifton,* this Court, in applying *Ewing,* held that "our Court must continue to apply the 'grossly dis-

proportionate' principle, remembering that only in exceedingly unusual non-capital cases will the sentences imposed be so grossly disproportionate as to violate the Eighth Amendment's proscription of cruel and unusual punishment." 158 N.C. App. at 94, 580 S.E.2d at 45 (internal citations omitted).

Under the North Carolina Habitual Felon Act, Defendant's sentence would be as a Class C felony. N.C. Gen. Stat. § 14-7.6 (2004). Defendant had a prior record level of III and was sentenced to eighty-four to 110 months imprisonment, which is in the mitigated sentencing range. *See* N.C. Gen. Stat. § 15A-1340.17 (2004). Defendant argues that he should not be subject to North Carolina's habitual felon statute when the underlying felony is a Class I felony. But this Court has on several occasions affirmed the sentence of a defendant as an habitual felon where the defendant was convicted of an underlying Class H or Class I felony. *See, e.g., State v. Parks,* 146 N.C. App. 568, 553 S.E.2d 695 (2001), *appeal dismissed and disc. review denied,* 355 N.C. 220, 560 S.E.2d 355, *cert. denied,* 537 U.S. 832, 154 L. Ed. 2d 49 (2002) (where the underlying felonies were felonious larceny and felonious possession of stolen goods, Class H felonies under N.C. Gen. Stat. § 14-72); *State v. Hairston,* 137 N.C. App. 352, 528 S.E.2d 29 (2000) (where the underlying felony was felonious breaking and entering a motor vehicle, a Class I felony under N.C. Gen. Stat. § 14-56).

Following *Clifton, Parks,* and *Hairston,* we find that the sentence imposed on Defendant was not grossly disproportionate. Accordingly, we overrule this assignment of error.

Defendant failed to argue his remaining assignments of error, they are therefore deemed abandoned. N.C. R. App. P. 28(b)(6).

No Error.

Chief Judge MARTIN and Judge TIMMONS-GOODSON concur.