Carroll,
No. 6169.

STATE *v.* ELMER SALSMAN & *a.*

April 28, 1972.

*Warren B. Rudman,* attorney general, and *Robert V. Johnson II,* assistant attorney general (*Mr. Johnson* orally), for the State.

*Wescott, Millham & Dyer* and *Paul Garfinkle* and *James A. Penta* (both of Massachusetts) (*Mr. Penta* orally) for the defendants.

GRIMES, J. The issue in these cases involves the validity of a search warrant and the search and seizure conducted thereunder.

The defendant Elmer Salsman was charged with receiving and keeping a "Waste King" dishwasher, a Norge refrigerator and a Hardwick gas range knowing them to be stolen from Suissevale, Inc., of Moultonboro, New Hampshire. Defendants William "Bud" Salsman and Daniel Davis are each charged with acting in concert in stealing and carrying away 42 sheets of plywood, the property of Suissevale, Inc. The cases were tried together before a jury resulting in guilty verdicts against all defendants whose exceptions were transferred by the Trial Court (*Dunfey,* J.).

It appears that Suissevale, Inc., is a New Hampshire corpo-

ration which owns about 700 acres of land on Lake Winnipesaukee in Moultonboro and is in the business of developing the land and selling individual building sites. Eastern Manufacturing Company, Inc., is a Massachusetts corporation whose stockholders are identical to those of Suissevale and is in the business of clearing the sites and building houses thereon for purchasers of lots. It is findable that appliances were ordered and paid for by Suissevale and installed in the houses when built by Eastern.

It further appears that Elmer Salsman became employed by Suissevale in 1966 to clear sites and construct roads. He incorporated his own business under the name of Remle, Inc., in 1967 and that corporation became engaged in site clearance, road, water main and septic construction almost exclusively for Suissevale. William Salsman was an officer and stockholder of Remle, Inc., and was engaged in the work for Suissevale and Eastern. Daniel Davis was employed by Remle, Inc., as a foreman.

The evidence shows that in the spring of 1968 Elmer Salsman was in the process of building a cottage in Ossipee, New Hampshire. This had no connection with Suissevale or Eastern but was purchased through Elmer for Remle, Inc.

Sometime in the spring of 1968 it was discovered that certain items including appliances and building materials were missing from Suissevale. As a result of observations made by private individuals and reported to Suissevale the matter came to the attention of the police.

A search warrant, the legality of which is here in question, was obtained from one Alice Cole a justice of the peace then authorized to issue such warrants. The application was made by one Robert A. Muzio an employee of Eastern whose oath was taken by the county attorney who was present before Mrs. Cole. The dishwasher, gas range and refrigerator and the plywood mentioned in these indictments along with other items were specified in the application. The appliances described by serial numbers were found in the cottage in Ossipee previously mentioned.

Defendants first contend that the warrant was not issued by a neutral and detached magistrate. *Coolidge* v. *New Hampshire,* 403 U.S. 443, 29 L. Ed. 2d 564, 91 S. Ct. 2022

(1971). There is no claim that Mrs. Cole was in any way connected with the prosecution but defendants contend that the presence of the county attorney so tainted the proceedings that they were not conducted in an "atmosphere completely detached and dispassionate." We reject this wholly unwarranted extension of the Coolidge doctrine which relates to the magistrate's own connection with the prosecution. If the mere presence of law enforcement officials at the proceedings before a magistrate were to invalidate them it would be impossible in most instances for search warrants to be obtained. The record in this case is wholly devoid of any evidence that any kind of influence was sought to be exerted or that the magistrate was improperly influenced.

Defendants next contend that there was not sufficient evidence presented to the magistrate to justify the issuance of the warrant. We must disagree. To be sure the written application contains only the conclusion that the items listed would be found in the cottage in question. But the application states that additional evidence under oath was presented to the magistrate. *See State ex rel Childs* v. *Hayward,* 109 N.H. 228, 248 A.2d 88 (1968); *State* v. *Titus,* 106 N.H. 219, 212 A.2d 458 (1965).

At the suppression hearing Mr. Muzio testified that he had stated under oath to magistrate Cole that he had been employed at Suissevale as site manager and that as a result of an inventory taken it was determined that some appliances and building materials were missing, that other workers at Suissevale had reported seeing Daniel Davis and "Bud" Salsman transfer a refrigerator from one truck to another on Suissevale property and take it away under unusual circumstances and that this had been reported to him in his postion as site manager. Muzio also testified that he stated to the magistrate that it had also been reported to him that the refrigerator, stove and dishwasher listed with serial numbers in the warrant were in the Salsman cottage in Ossipee and that this information came from Ernest Gray, a plumbing and heating contractor employed at Suissevale who was also present before the magistrate and who also furnished him with the serial numbers on the appliances in the cottage, that a check with Suissevale's supplier revealed that appliances with the same serial numbers had been delivered to Suissevale but were now missing.

*Aguilar* v. *Texas,* 378 U.S. 108, 12 L. Ed. 2d 723, 84 S. Ct. 1509 (1964) points out the advantage of including in the affidavit all evidence necessary to support the warrant. However we hold that the trial court was warranted in finding that the evidence presented to the magistrate would support her finding of probable cause. The detailed information, including serial numbers, furnished Muzio by Gray regarding the appliances in the cottage, corroborated by a determination that they corresponded with serial numbers of appliances shipped to Suissevale and Gray's presence before the magistrate furnished sufficient information from which the magistrate could determine that Gray was credible and his information reliable. *Draper* v. *United States,* 358 U.S. 307, 3 L. Ed. 2d 327, 79 S. Ct. 329 (1959); *Spinelli* v. *United States,* 393 U.S. 410, 21 L. Ed. 2d 637, 89 S. Ct. 584 (1969); *United States* v. *Harris,* 403 U.S. 573, 586, 29 L. Ed. 2d 723, 735, 91 S. Ct. 2075, 2083 (1971) (*Harlan,* J., dissenting).

Defendants contend also that the warrant was invalid because based on information which was gained through a previous unlawful entry into the cottage. It is of course well established that the government cannot use for any purpose evidence which it obtained in violation of the defendant's constitutional rights. *Wong Sun* v. *United States,* 371 U.S. 471, 9 L. Ed. 2d 441, 83 S. Ct. 407 (1963); *Davis* v. *Mississippi,* 394 U.S. 721, 22 L. Ed. 2d 676, 89 S. Ct. 1394 (1969); *Silverthorne Lumber Co.* v. *United States,* 251 U.S. 385, 64 L. Ed. 319, 40 S. Ct. 182 (1920).

If therefore the evidence as to the items including the serial numbers in the cottage was obtained through the illegal entry by government agents or persons acting in their behalf in violation of defendants' fourth amendment rights it may not be used to support the issuance of the warrant. However, the fourth amendment proscribes government action only. *Burdeau* v. *McDowell,* 256 U.S. 465, 65 L. Ed. 1048, 41 S. Ct. 574 (1921); *Irvine* v. *California,* 347 U.S. 128, 98 L. Ed. 561, 74 S. Ct. 381 (1954). In this case there was evidence that it was private individuals working on behalf of Suissevale that entered the cottage, viewed the appliances and took the serial numbers.

Although it appears that a person who was a police officer of Moultonboro was present at the cottage when the serial numbers were taken the trial court found that he was not

involved in the investigation of the case and that the private individuals were in no way connected with or acting on behalf of law enforcement officials. This finding was permitted by the evidence. It appears therefore that the evidence in support of the warrant was not obtained by government officials in violation of defendants' constitutional rights but by private individuals acting on their own and not as agents of the police. There was then no fourth amendment violation and the evidence thus obtained and furnished to officials was properly used to obtain the warrant.

We find no merit in defendants' further contention that the warrant lacked the required constitutional specificity with respect to the 42 sheets of plywood. Considering the nature of these items the description was adequate. *United States* v. *Ventresca,* 380 U.S. 102, 108, 13 L. Ed. 2d 684, 688-89, 85 S. Ct. 741, 745-46 (1965); *Steele* v. *United States, No. 1,* 267 U.S. 498, 69 L. Ed. 757, 45 S. Ct. 414 (1925); *cf. Stanford* v. *Texas,* 379 U.S. 476, 13 L. Ed. 2d 431, 85 S. Ct. 506 (1965).

*Exceptions overruled.*

All concurred.