277 So.2d 847 (1973)
Jeff PARTIN, Jr., Appellant,
v.
The STATE of Florida, Appellee.
No. 72-1040.
District Court of Appeal of Florida, Third District.
May 1, 1973.
Rehearing Denied June 11, 1973.
*848 James Whitmore Miller, Miami, for appellant.
Robert L. Shevin, Atty. Gen., and William L. Rogers, Asst. Atty. Gen., for appellee.
Before PEARSON, CHARLES CARROLL and HAVERFIELD, JJ.
PER CURIAM.
The appellant was tried and convicted of buying, receiving or concealing stolen property, to-wit: (1) a transistor radio and case, (2) a camera and tripod, and (3) a necklace.
The evidence admitted at trial was seized at the appellant's home by officers armed with a search warrant describing ten stolen items. They found the radio which matched the description in the warrant, but failed to find the other nine listed items. They seized 13 other items found in the house. Two of these items, a camera and tripod and necklace, were stolen and defendant was charged with their possession along with the radio. At trial, all three items were introduced into evidence over the defendant's objection.
On appeal, defendant-appellant attacks the ruling of the lower court which sustained the validity of the seizure of property not specifically described in the search warrant.
This court has held that a law enforcement officer conducting a search under a valid search warrant as in the case sub judice may lawfully seize property not specifically described in the warrant if he has probable cause to believe it to be stolen property. Ludwig v. State, Fla.App. 1968, 215 So.2d 898; United States v. Sklaroff, 323 F. Supp. 296 (D.C. 1971).
In the case at bar, the police officer testified that upon observing certain items not listed in the search warrant, he had reason to believe that these items, particularly the camera and tripod and the necklace, were stolen. In addition, the record reflected that there were many other items, including jewelry, which the police officer left because they were not listed in the search warrant and he had no personal knowledge to believe or to presume that they were stolen.
Further, it has long been held that objects falling in the "plain view" of an officer who has a right to be in a position to have that view are subject to seizure and may be introduced into evidence. Harris v. United States, 390 U.S. 234, 88 S.Ct. 992, 19 L.Ed.2d 1067 (1968). Once the privacy of a dwelling has been lawfully invaded, it is senseless to require the police to obtain an additional warrant to seize items they discover in the process of a lawful search. Anglin v. Director, Patuxent Institution, 439 F.2d 1342 (4 Cir.1971).
Accordingly, the judgment herein appealed is affirmed.
Affirmed.