STATE OF NORTH CAROLINA v. GWENDOLYN GILL KEITT AND DANNY EDWARD COBB

No. 7318SC602

(Filed 19 September 1973)

1. **Criminal Law § 92— joint trial — denial of motion to sever**
   The trial court did not err in the denial of defendants' motions for separate trials on charges of possession of heroin where the offenses were tied together in time, place and circumstances. G.S. 15-152.

2. **Criminal Law § 158— transcript filed as exhibit in appellate court — conclusiveness of record**
   The appellate court cannot consider a purported "transcript of proceedings" upon defendants' motion to suppress evidence which was filed by defendants as an exhibit in the appellate court since the court is bound by the record as certified and can judicially know only what appears of record.

State v. Keitt

3. **Criminal Law § 84; Searches and Seizures § 1— pretrial motion to suppress — hearing — no right to further hearing at trial**

Where defendants were sufficiently heard on their pretrial motions to suppress evidence obtained by a search and seizure, they were not entitled to a further *voir dire* hearing when they objected to the evidence at the trial.

4. **Searches and Seizures § 3— search pursuant to warrant — admissibility of evidence**

Heroin obtained in a search pursuant to a warrant was properly admitted in evidence where the record reveals that there was a hearing on defendants' motions to suppress such evidence, the search warrant and supporting affidavit were sufficient to meet the requirements of law, and the order of the trial judge contains sufficient findings to hold the heroin admissible.

5. **Criminal Law § 80; Evidence § 29— admissibility of motel registration folio**

In a prosecution for possession of heroin found in a motel room, a sufficient foundation was laid for the admission in evidence of a motel registration folio.

6. **Criminal Law § 34— trial for possession of heroin — arraignment on other charges — harmless errror**

In this joint trial of two defendants for possession of heroin, the trial court erred in arraigning one defendant in the presence of the jury on charges of possession of marijuana and possession of methadone and in then withdrawing those charges from consideration after the trial had begun, since the jury was informed that one defendant had been indicted for offenses other than the offense for which he was on trial; however, such error was harmless beyond a reasonable doubt in light of the State's strong, convincing and uncontradicted evidence of defendants' guilt.

·APPEAL by defendants from *Crissman, Judge,* 26 February 1973 Session of GUILFORD Superior Court (Greensboro Division).

Separate indictments charged that on or about 31 July 1972 defendants "did unlawfully, wilfully and feloniously possess a controlled substance, to wit: Heroin which is included in Schedule I of the North Carolina Controlled Substances Act." They pleaded not guilty..

Evidence presented by the State tended to show:

At approximately 6:30 p.m. on 31 July 1972, Officer Heffinger of the Greensboro Police Department went to the vicinity of the Ramada ·Inn located on Seneca Road in Greensboro. He concealed himself inside a large garbage transport some 50 to 70 yards north of Room 228 of said Inn from which position he was able to, and did, watch Room 228 with binoculars. The

watched room was on the second floor and the outside door of the room opened onto a balcony walkway in full view of the officer. Mr. Heffinger observed a 1972 white over blue Plymouth drive up to the Inn, the vehicle being operated by defendant Cobb with defendant Keitt as a passenger in the right front seat. After parking the car, defendant Cobb got out, walked up to the front of Room 228 with a key in his hand, and after looking in several directions, unlocked and opened the door to the room. He then returned to the railing of the walkway, looked down at the car he had just parked, and gave a "come on" hand signal.

Defendant Keitt proceeded to get out of the car, went to Room 228, and with defendant Cobb entered the room. About five minutes later defendant Cobb emerged from the room onto the walkway, looked in several directions, and then looked back into the room. Immediately thereafter defendant Keitt came out of the room, went down to the car, opened the trunk, removed a sizeable bag from the trunk and carried it up and into Room 228 where she rejoined defendant Cobb. Officer Heffinger continued to observe the outside of the room and the area for some five or ten minutes after which he left.

Later that night Mr. Heffinger, clothed with a search warrant and accompanied by other officers, returned to the Ramada Inn. Around 10:40 p.m. the officers stopped the Plymouth automobile, then driven by defendant Keitt and occupied by defendant Cobb, as it was entering the Inn premises from Seneca Road. After serving the search warrant on defendant Cobb, the officers searched the car and found a key to Room 228 on the front seat. The officers, together with defendants, proceeded to Room 228 where police opened the door with the key, and they and defendants entered the room. With defendants present, the officers searched the room. In a corner at the end of the room farthest from the front door, they found a plastic bag similar to the one Mr. Heffinger had seen defendant Keitt remove from the car trunk and carry to the room earlier that evening. A man's shirt was on top of the bag.

In the plastic bag the officers found various items of women's clothing and also a brown paper bag smaller than the plastic bag. In the paper bag they found ten bindles of small **glassine bags,** each bindle containing fifteen glassine bags with a rubber band around each bindle. The glassine bags contained a white powder substance later identified as heroin. In the bot-

tom of the plastic bag, the officer found a St. Louis Children's Hospital visiting card with defendant Keitt's name thereon as parent. A latent fingerprint, later identified as defendant Keitt's, was lifted from one of the glassine bags. The Ramada Inn records revealed that on 31 July 1972, Room 228 was registered in the name of "Mr. and Mrs. Cobb."

Defendants offered no evidence.

A jury found defendants guilty as charged and from judgments imposing prison sentences of five years as to defendant Cobb and three years as to defendant Keitt, defendants appealed.

*Attorney General Robert Morgan by William F. Briley, Assistant Attorney General, for the State.*

*Lee, High, Taylor, Dansby & Stanback by Herman L. Taylor, for defendant Gwendolyn Gill Keitt.*

*Frye, Johnson & Barber by Walter T. Johnson, Jr., for defendant Danny Edward Cobb.*

BRITT, Judge.

[1] Defendants assign as error the denial of their motions to be tried separately. This assignment has no merit. The two defendants were charged with identical offenses that were connected and tied together in time, place and circumstances. The consolidation for trial of the cases charging them with possession of heroin under the facts appearing is fully authorized by the statutory and case law of our State. G.S. 15-152; *State v. Yoes, et al.,* 271 N.C. 616, 157 S.E. 2d 386 (1967); *State v. Walker, et al.,* 6 N.C. App. 447, 170 S.E. 2d 627 (1969).

Defendants assign as error the denial of their motions to suppress evidence obtained pursuant to a search of the automobile and the motel room and the admissions of the fruits of the search into evidence. This assignment has no merit.

The record reveals: Upon the call of the cases for trial on 26 February 1973, before arraignment of defendants and in the absence of prospective jurors, defendants made several motions including a motion "to suppress any evidence in the cases seized pursuant to a search warrant." On 27 February 1973 the court resumed its sitting. Defendants were arraigned and pleaded not guilty. Also on 27 February 1973, the court entered an order

(briefly summarized) reciting that defendants' motions to suppress evidence came on to be heard; the court found as facts that the court was presented with a search warrant issued at 9:25 p.m. on 31 July 1972 authorizing a search of defendant Cobb's person, Room 228 of the Ramada Inn, and a 1972 Plymouth bearing N. C. license number 6289-C, that the search warrant was fully supported by an affidavit, that defendants offered no evidence at the voir dire, that defendant Keitt had no proprietary interest in Room 228 and the search warrant was not directed at her or her property; and the court concluded that the search warrant was proper "in form and content" and that defendants' motions to suppress were denied. The affidavit to obtain a search warrant and the search warrant are included in the record.

[2]   Defendants argue that the court did not conduct a hearing on their motions to suppress evidence and they have filed as an exhibit what purports to be the court reporter's "transcript of proceedings." We must reject the argument and exhibit. It is well settled in this jurisdiction that the record as certified imports verity and the Court of Appeals is bound thereby. 3 Strong, N. C. Index 2d, Criminal Law, § 158, p. 107. This court is bound by the record as certified and can judicially know only what appears of record. *State v. Shedd,* 274 N.C. 95, 161 S.E. 2d 477 (1968).

[3, 4]   The certified record before us reveals that there was a hearing on defendants' motions to suppress evidence. The search warrant and the affidavit supporting the same are sufficient to meet the requirements of law, and the order of the trial judge contains sufficient findings to hold the evidence admissible. Having been sufficiently heard on their motions to suppress, defendants were not entitled to a further voir dire hearing when they objected to the evidence at trial. See *State v. Myers,* 266 N.C. 581, 146 S.E. 2d 674 (1966); *State v. Thompson,* 15 N.C. App. 416, 190 S.E. 2d 355 (1972), cert. den. 282 N.C. 307, 192 S.E. 2d 197 (1972). The assignment of error is overruled.

[5]   Defendants assign as error the admission into evidence of State's Exhibit 2 which purported to be a Ramada Inn registration folio for the dates 30 and 31 July 1972. This assignment is without merit. In 1 Stansbury's N. C. Evidence, Brandis Revision, § 155, p. 523, it is said: "If the entries were made in the regular course of business, at or near the time of the transaction involved, and are authenticated by a witness who is

familiar with them and the system under which they were made, they are admissible." In *Supply Co. v. Ice Cream Co.*, 232 N.C. 684, 686, 61 S.E. 2d 895, 897 (1950), the court, after stating the quoted rule, said: "This rule applies to original entries made in books of account in regular course by those engaged in business, when properly identified, though the witness may not have made the entries and may have had no personal knowledge of the transactions." We hold that sufficient foundation was laid for the introduction of the exhibit into evidence.

Defendants assign as error the denial of their motions for nonsuit. We hold that the evidence was more than sufficient to survive the motions and the assignment is without merit.

[6]  Defendants assign as error the action of the court in consolidating two other cases against defendant Cobb with the trial of the two cases at hand and then withdrawing those cases from consideration after the trial had begun. This assignment has merit.

The record reveals that in addition to the possession of heroin case, defendant Cobb was charged also in two indictments with possession of marijuana and methadone, all on 31 July 1972. Prior to arraignment and in the absence of prospective jurors, defendants moved for severance of the four cases but the court denied the motions and allowed the State's motion to consolidate all cases for trial. Thereafter, defendants were arraigned not only on the heroin possession charges but defendant Cobb was arraigned also on the two indictments charging him with possession of marijuana and methadone. Defendants pleaded not guilty to all charges. While the first witness for the State was testifying, the court, in the absence of the jury, determined that since defendant Keitt was not connected with the marijuana and methadone cases, those cases should be tried separately. The court then modified its former ruling and denied the State's motion to try the heroin cases with the other two cases.

In *State v. Williams*, 279 N.C. 663, 185 S.E. 2d 174 (1971), opinion by Chief Justice Bobbitt, the court reversed a long line of cases and held that for purposes of impeachment, a witness, including the defendant in a criminal case, may not be cross-examined as to whether he has been indicted or is under indictment for a criminal offense other than the offense for which

he is on trial. However, the court further held that the circumstances of the particular case will determine whether a defendant will be awarded a new trial for having had to answer on cross-examination that he is currently under indictment for other crimes.

It appears to us that the principle laid down in *Williams* would apply also to the action of the court complained of here. We think the arraignment of a defendant in the presence of the jury on two untried charges, and then postponing the trial of those charges, could have an effect just as harmful, if not more so, as cross-examining a defendant with respect to untried charges. Nevertheless, under the circumstances of the cases at bar, we do not think defendants are entitled to a new trial. The evidence against defendants was strong and convincing, uncontradicted except for the presumption of innocence raised by the pleas of not guilty. In *Fahy v. Connecticut*, 375 U.S. 85, 84 S.Ct. 229, 11 L.Ed. 2d 171 (1963), it was held that unless there is a reasonable possibility that the evidence complained of might have contributed to the conviction, its admission is harmless. We think the same rule would apply to the action complained of here and that although the action was erroneous, it was harmless beyond a reasonable doubt. *State v. Taylor*, 280 N.C. 273, 185 S.E. 2d 677 (1972).

A careful consideration of the record impels us to conclude that defendants received a fair trial free from error sufficiently prejudicial to warrant a new trial.

No error.

Judges MORRIS and PARKER concur.