STATE OF NORTH CAROLINA v. MIGUEL SANTOS PEREZ A/K/A MIGUEL SOTO

No. 813SC592

(Filed 1 December 1981)

1. Criminal Law § 124— sufficiency of verdicts

Judgments against defendant were not invalid because the verdict form failed to specify with what offense defendant was charged in each count since the verdicts can be given proper interpretation by reference to the indictment, the evidence and the court's instructions.

2. Narcotics § 4.5— instructions—knowledge of possession and sale

The trial court did not err in failing to instruct the jury that it must find that defendant knowingly possessed and sold heroin in order to find him guilty of felonious possession of heroin with intent to sell and felonious sale of heroin where the issue of guilty knowledge was not presented by the evidence and there was no prayer for instructions.

APPEAL by defendant from *Fountain, Judge.* Judgment entered 30 October 1979 in Superior Court, PITT County. Writ of Certiorari issued by the North Carolina Court of Appeals on 20 April 1981. Heard in the Court of Appeals 17 November 1981.

The State's evidence tended to show that defendant sold and delivered five bindles of heroin to an S.B.I. agent for $100.00. Defendant's evidence was to the effect that he had never sold anything to the agent and was not even in the area where the drugs were alleged to have been sold.

Defendant was convicted of felonious possession of a controlled substance with intent to sell and of felonious sale of such controlled substance. Judgments imposing prison sentences were entered.

*Attorney General Edmisten, by Special Deputy Attorney General Isham B. Hudson, Jr., for the State.*

*Appellate Defender Project for North Carolina, by Adam Stein and James H. Gold, for defendant appellant.*

VAUGHN, Judge.

[1] Defendant argues the judgments against him should be vacated because the verdict form fails to specify with what of-

fense defendant was charged in each count. The verdicts, however, can be given proper interpretation by reference to the indictment, the evidence and the court's instructions. *State v. Hampton*, 294 N.C. 242, 239 S.E. 2d 835 (1978). Defendant's assignment of error is, therefore, overruled.

[2] Defendant contends that the judge committed prejudicial error in that he failed to instruct the jury that it must find that defendant knowingly possessed and sold the controlled substance in order to find him guilty. On the facts of this case, the argument is without merit. It is the duty of the judge to declare and explain the law arising on the evidence in the case then being tried. Here the State's evidence discloses that, after the agent's request for heroin and payment of $100.00, the defendant went into a duplex, came out shortly thereafter and handed the agent five bags of heroin. Defendant's evidence did not raise a question as to whether he knew the heroin he sold was in his possession. He denied selling or possessing anything.

> "A person is presumed to intend the natural consequences of his act. [Citations omitted.] Hence, ordinarily, where a specific intent is not an element of the crime, proof of the commission of the unlawful act is sufficient to support a verdict. [Citation omitted.] . . . .
>
> Nothing else appearing, it would not be necessary for the court, in the absence of a prayer, to make reference in its charge to guilty knowledge or intent. *Scienter* is presumed. . . ."

*State v. Elliott*, 232 N.C. 377, 378, 61 S.E. 2d 93, 95 (1950).

Where, however, a question of guilty knowledge is raised, it *then* becomes an essential element of the crime which the State must prove beyond a reasonable doubt. It is only then that the "due process" arguments advanced by defendant would be relevant. Here, as in *State v. Gleason*, 24 N.C. App. 732, 212 S.E. 2d 213 (1975),

> "the issue of guilty knowledge is not presented by the evidence, and there was no prayer for instructions. Under these circumstances we do not find error in the failure of the trial court to give instructions on guilty knowledge, either of the fact of 'possession' or of the fact of 'narcotic character.'"

24 N.C. App. at 735, 212 S.E. 2d at 216.

No error.

Judges WEBB and HILL concur.