431 So.2d 1034 (1983)
STATE of Florida, Appellant,
v.
Samuel SANDERS, Appellee.
No. 82-635.
District Court of Appeal of Florida, Fourth District.
May 4, 1983.
Rehearing Denied June 15, 1983.
Jim Smith, Atty. Gen., Tallahassee, and Stewart J. Bellus, Asst. Atty. Gen., West Palm Beach, for appellant.
Donald P. Kohl, of Kohl, Springer, Springer, Varner, Mighdoll & Salnick, Palm Springs, for appellee.
DOWNEY, Judge.
The state is appealing from an order suppressing evidence.
A shoplifting jewelry theft occurred at a Jefferson's department store on December 27, 1980. During the investigation of this jewelry heist the police developed two suspects who were arrested on or about December 30, 1980. One suspect admitted committing the crime and said he had sold the stolen jewelry to appellee, Samuel Sanders, for $300 and some drugs. The thief also said he had sold everything he had stolen in the past to appellee, among which was some stereo equipment. In pursuance of their investigation of the jewelry theft the police applied for a search warrant specifically describing the things they expected to find at appellee's residence as eight rings and dilaudid. The warrant that was issued authorized the officers to search for stolen rings and for dilaudid and other dangerous drugs. When they executed the search warrant the officers were unable to find any jewelry or drugs; however, they did find in plain view two pieces of electronic equipment they had probable cause to believe were stolen property and they seized those two pieces. Thereafter, the officers arrested appellee and obtained from him a signed consent form authorizing them to search appellee's residence for other stolen electronic equipment. At a hearing *1035 on a motion to suppress evidence the circuit court found that the officers had reason to believe they would find stolen electronic equipment in appellee's domicile because of what the thief had told them and that the search warrant should have listed such equipment in order to permit its lawful seizure; since the warrant did not list electronic equipment, it was deficient and did not authorize the seizure of such equipment. The court also found that the unlawful seizure tainted the subsequent "consent" search and ordered all material seized to be suppressed. This appeal followed.
We hold that the order of suppression was erroneous because there was no demonstration that the officers conducting the initial search had reason to believe appellee's domicile would at that time contain stolen property other than the stolen jewelry and dangerous drugs; the information relative to the thief's history of selling everything he had ever stolen to appellee did not lead to the officers' anticipating they would find stolen electronic equipment at the time they searched appellee's domicile.
The initial seizure of the two pieces of stolen equipment was lawful because the officers' discovery of that equipment was not anticipated at that time. The officers' presence in the domicile was lawful because it was accomplished pursuant to the search warrant. The subsequent discovery of two pieces of equipment, one of which had no serial number and which tallied with a general description that the thief had given, gave the officers probable cause to believe the equipment was stolen and authorized its seizure. If there is probable cause to believe unanticipated property discovered in searched premises is stolen property or is otherwise contraband, then it may be seized even though it is not described in the search warrant authorizing an intrusion onto the searched premises. Ludwig v. State, 215 So.2d 898 (Fla. 3d DCA 1968); Partin v. State, 277 So.2d 847 (Fla. 3d DCA 1972). The subsequent consent search was equally valid.
Because the discovery of the stolen equipment was not anticipated, the order of suppression was erroneous and is reversed. The cause is remanded for further proceedings.
REVERSED AND REMANDED.
LETTS, C.J., concurs.
GLICKSTEIN, J., concurs specially with opinion.
GLICKSTEIN, Judge, concurring specially:
I concur in this decision but from a different direction. My concern with the majority's perception is its reliance upon the principle of non-anticipation or inadvertence and the absence of demonstration that the officers had reason to believe, when they obtained a search warrant, that the premises would contain other than jewelry and drugs.
As I view the first officer's testimony, he was told by a thief that everything he had been stealing was sold by him to appellee  including stereo equipment. Accordingly, although the officer's specific assignment was to clear one jewelry theft, that information should have triggered  at least in my mind  an inclusion within the search warrant of all of the generic items appellee was ostensibly buying and reselling  including stereo equipment. Accordingly, I would hold the finding of stereo equipment in appellee's residence was anticipated; and I would further hold the thief demonstrated to the officer such equipment may well be within the premises. Therefore, it should not have been too great a surprise to the officer when he found  upon executing the warrant  a woman buying a stereo from appellee.
What compels reversal to me is the following principle recited in Partin v. State, 277 So.2d 847, 848 (Fla. 3d DCA 1973), cited by the majority:
This court has held that a law enforcement officer conducting a search under a valid search warrant as in the case sub judice may lawfully seize property not *1036 specifically described in the warrant if he has probable cause to believe it to be stolen property. Ludwig v. State, Fla. App. 1968, 215 So.2d 898; United States v. Sklaroff, 323 F. Supp. 296 (D.C. 1971).
See Harris v. United States, 331 U.S. 145, 154, 67 S.Ct. 1098, 1103, 91 L.Ed. 1399, 1407 (1947) which said:
This Court has frequently recognized the distinction between merely evidentiary materials, on the one hand, which may not be seized either under the authority of a search warrant or during the course of a search incident to arrest, and on the other hand, those objects which may validly be seized including the instrumentalities and means by which a crime is committed, the fruits of crime such as stolen property, weapons by which escape of the person arrested might be effected, and property the possession of which is a crime. [Footnote omitted.]
Also, see Joyner v. City of Lakeland, 90 So.2d 118 (Fla. 1956).
As for the first item seized, the officer testified:
In the course of my search, we didn't find the rings there and I was talking to Samuel Sanders in the kitchen where he was sitting down. He wasn't feeling too well at that time. There was a TV, portable TV-stereo, one of those miniature TV's that you can switch to radio or FM or AM.
Q. This is the Webcor (phonetic) TV?
A. Yes. That was sitting on the table next to where he was sitting. I took the serial number off of that or wrote it down. I had a walkie-talkie, so I called in the serial number. I called it in and it came back stolen out of Palm Springs.
The foregoing is similar factually to what the officers did in Hess v. State, 309 So.2d 606 (Fla. 2d DCA 1975), which affirmed the trial court's denial of defendant's motion to suppress.
As for the second item, the officer testified:
THE WITNESS: There was a Curtis Mathis on top of the dresser in one of the bedrooms and in trying to check a serial number on that particular item, it had been removed and that item we had taken  we took with us and put on the inventory and return until we could determine if it was, in fact, a stolen item. BY MR. BARKIN:
Q. At the time you seized that television set, did you feel you had probable cause to feel it was stolen?
A. Yes.
Q. Why is that?
A. The removal of the serial number would be suspicion enough on an item that expensive, especially a Curtis Mathis.
Under the foregoing circumstances, it is inappropriate to suppress the evidence because of the initial failure to include additional generic items in the search warrant and needless to require the officer, having observed everything short of an announcement, "Attention, I am stolen property," obtaining an additional warrant upon which to base the seizure.