An unpublished opinion of the North Carolina Court of Appeals does not constitute controlling legal authority. Citation is disfavored but may be permitted in accordance with the provisions of Rule 30(e)(3) of the North Carolina Rules of Appellate Procedure.

IN THE COURT OF APPEALS OF NORTH CAROLINA

No. COA24-877

Filed 1 April 2026

Jackson County, Nos. 22CR000238-490, 23CR000431-490

STATE OF NORTH CAROLINA

v.

TERRELL MICHAEL ROGERS

Appeal by defendant from judgments entered 2 November 2023 by Judge Gary M. Gavenus in Jackson County Superior Court. Heard in the Court of Appeals 9 April 2025.

> *Attorney General Jeff Jackson, by Assistant Attorney General Brent D. Kiziah, for the State.*
>
> *Michelle Abbott for defendant.*

PER CURIAM.

Terrell Michael Rogers ("defendant") appeals from judgments entered upon his conviction for possession of a firearm by a felon and habitual felon status. Defendant contends the trial court plainly erred in denying his motion to suppress on the grounds that the evidence was obtained pursuant to an unlawful search warrant, and that N.C.G.S. § 14-415.1 violates the United States and North Carolina

Constitutions. For the following reasons, we conclude the trial court did not plainly err in denying the motion to suppress and admitting the evidence seized from defendant's home.

## I.     Background

On 11 October 2021, two individuals broke into a home in Jackson County and stole various property items, including a laptop, jewelry, clothing, boots, tools, a PlayStation, and ammunition. The individuals[1] were apprehended and interviewed by Jackson County Sheriff's Officers on 28 October 2021. The individuals admitted to their crimes and told the officers they had traded some of the stolen property in exchange for drugs; the PlayStation and some video games were traded to Jason Dean Millsaps, and the ammunition, boots, and tools were traded to defendant.

On 9 November 2021, Officer Jesse Aiken executed an affidavit describing the place to be searched and items to be seized based on information about stolen items traded to defendant. The affidavit also included a criminal history for defendant, reflecting charges of possession of drug paraphernalia, manufacture of a controlled substance, possession of a firearm by a felon, and burglary with assault or battery. A search warrant for defendant's home in Sylva, North Carolina was issued and executed the following day, and included the following list of items to be seized:

> 1.     Any and all items pertaining to the crimes of possession of stolen goods.

---

[1] These individuals are not named in the record due to their status as Confidential Sources of Information ("CSI").

2. Any and all items known to be stolen.
3. Items or articles of personal property tending to show ownership, dominion, or control of the premises and/or vehicles.
4. Any and all property that could hold evidentiary value of a violation of N.C. General Statutes.
5. Any and all illegal narcotics.
6. Ammunition of the following calibers: .40 S&W, 9mm, and .22 Long Rifle.
7. 298 piece, Craftsman Tool Set.
8. Rocky brand boots, Men's size 10.

During the search of defendant's home, officers recovered ammunition, three firearms, boots, and plants the officers believed to be marijuana. Following the search, defendant was placed under arrest and charged with receiving stolen goods, three counts of possession of a firearm by felon, two counts of felony possession of marijuana, manufacture marijuana, maintaining a dwelling for controlled substances, possession of marijuana paraphernalia, and having attained habitual felon status.

Defendant's trial commenced on 30 October 2023. Defendant filed a motion to suppress the evidence seized pursuant to the search, arguing the search warrant was overly broad, specifically noting items 1, 2, 4, and 5. Defendant filed an affidavit in support of the motion, wherein defendant stated he "never made any statements to any of the officers about guns being in the house or any other statements to any officers before I was taken into custody."

At a hearing on the motion, defendant argued he was not notified of the search warrant or served prior to its execution and his arrest. Defendant did not argue the

search warrant was overly broad, although the State did briefly address the argument. Officer Aiken testified that while reading the search warrant to defendant before his arrest, defendant stated there were guns in the house belonging to his wife. Following the hearing, the trial court denied the motion, finding that probable cause existed at the time the warrant was issued, that defendant told Officer Aiken there were guns in the house, and that the search warrant was not overly broad.

At trial, Officer Aiken again testified that defendant told him there were firearms in the house belonging to his wife. Officer Aiken further described the process of the search and where the firearms were located within defendant's home. At the close of the State's evidence, defendant made a motion to dismiss, which the trial court granted as to both counts of felony possession of marijuana, maintaining a dwelling, felony manufacture of marijuana, and receiving stolen goods. At the close of all evidence, defendant made another motion to dismiss which the trial court denied. Defendant did not present an objection throughout the trial to the admission of evidence seized pursuant to the search warrant.

On 2 November 2023, the jury acquitted defendant of possession of marijuana paraphernalia and convicted him of possession of a firearm by a felon and having attained habitual felon status. The trial court sentenced defendant to a term of 83 to 112 months imprisonment. On 3 November 2023, defendant filed written notice of appeal.

II.     Discussion

Defendant argues the trial court plainly erred in denying his motion to suppress evidence obtained pursuant to a search warrant he asserts included a general warrant provision and was overly broad such that the warrant and subsequent search were not valid. Defendant alternatively contends N.C.G.S. § 14-415.1 is unconstitutional.

### A.    Motion to Suppress

Rulings on pretrial motions to suppress are "preliminary and subject to change during the course of trial, depending upon the actual evidence offered at trial and thus an objection to an order granting or denying the motion 'is insufficient to preserve for appeal the question of the admissibility of the evidence.'" *State v. Hill*, 347 N.C. 275, 293 (1997). Where a defendant has "failed to preserve issues relating to the motion to suppress, we review for plain error." *State v. Waring*, 364 N.C. 443, 468 (2010). In this case, defendant failed to object to evidence obtained from the search when it was offered at trial, and accordingly we review this issue for plain error.

> For error to constitute plain error, a defendant must demonstrate that a fundamental error occurred at trial. To show that an error was fundamental, a defendant must establish prejudice—that, after examination of the entire record, the error had a probable impact on the jury's finding that the defendant was guilty. Moreover, because plain error is to be applied cautiously and only in the exceptional case, the error will often be one that seriously affects the fairness, integrity or public reputation of judicial proceedings.

*State v. Lawrence*, 365 N.C. 506, 518 (2012) (internal citations, quotation marks, and brackets omitted). In *State v. Reber*, our Supreme Court clarified with respect to the prejudice prong that "the analysis is whether, without that evidence, the jury probably would have reached a *different* result." *State v. Reber*, 386 N.C. 153, 160 (2024) (emphasis in original). "In other words, the test examines the state of all the evidence except for the challenged evidence and asks whether, in light of that remaining evidence, the jury probably would have done something different." *Id.* at 162.

Additionally, when reviewing a motion to suppress for plain error, "we must first determine whether the trial court did, in fact, err in denying Defendant's motion to suppress." *State v. Powell*, 253 N.C. App. 590, 594 (2017) (citing *State v. Oxendine*, 246 N.C. App. 502, 510 (2016)). "Our statutes only require that evidence obtained in violation of G.S. Chapter 15A be suppressed if it is obtained as a result of a 'substantial' violation of the provisions of the Chapter. *State v. Long*, 37 N.C. App. 662, 666 (1978); N.C.G.S. § 15A-974(a)(2) (2024). In determining whether a violation is substantial, we consider the following:

> a. The importance of the particular interest violated;
> b. The extent of the deviation from lawful conduct;
> c. The extent to which the violation was willful;
> d. The extent to which exclusion will tend to deter future violations of this Chapter.

N.C.G.S. § 15A-974(a)(2).

General warrants are prohibited by the United States and North Carolina

Constitutions. U.S. Const. amend. IV; N.C. Const. art. I, § 20. "A warrant describes items with sufficient particularity when it enables the officer executing the warrant reasonably to ascertain and identify the items to be seized. . . . A description of property is sufficient when it is as specific as the circumstances and nature of the activity" allow in the investigation. *State v. Kornegay*, 313 N.C. 1, 16 (1985). "It is permissible to incorporate the description of the items to be searched for and the place to be searched in the warrant by reference to [an] affidavit." *State v. Flowers*, 12 N.C. App. 487, 491 (1971) (citing *State v. Mills*, 246 N.C. 237 (1957)).

"Where the items described are contraband by their very nature, *e.g.* drugs or gambling equipment, the courts have generally approved warrants which simply authorize a search for that class of contraband." *State v. Connard*, 81 N.C. App. 327, 330 (1986), *aff'd*, 319 N.C. 392, 354 S.E.2d 238 (1987). Stolen goods "do not qualify automatically as contraband, but generally are innocuous except for the extrinsic circumstance that they have been stolen. Therefore the courts require a higher degree of specificity in determining the legality of searches for stolen goods." *Id.*

Although general warrants are prohibited, the provisions of a warrant may be severable; "items adequately described in the warrant may be seized and admitted into evidence, while items seized under unlawfully broad or 'catch-all' provisions of the warrant should be suppressed." *Id.* at 332. In *Connard*, this Court held a warrant provision directing a search for "stolen goods" was severable, as "police could constitutionally search for the listed drugs or items of the same class, but . . . the

warrant could not authorize a general exploratory search of defendant's home and inventory of its contents." *Id.* at 333.

We agree with defendant that Paragraph 4 of the warrant was overly broad. However, this provision is severable when considering the rest of the warrant as well as the circumstances of the search. Paragraphs 1 and 2 reference stolen items; although these paragraphs lack specificity in the warrant, the affidavit attached to the warrant does provide a specific list of stolen items. This is distinguishable from the "stolen goods" provision struck down in *Connard*, which lacked a supporting affidavit to provide specificity about the items to be searched for. Paragraph 5 references "any and all illegal narcotics[,]" which taken together with the information provided in the affidavit was sufficient to authorize a search for illegal narcotics.

Furthermore, after defendant told the officers there were firearms in the house belonging to his wife, the firearms were found in plain view and in the same vicinity as other lawfully seized items. "When law enforcement observes contraband in plain view, no reasonable expectation of privacy exists, and thus, the Fourth Amendment's prohibition against unreasonable warrantless searches is not violated. Instead, the Fourth Amendment analysis must consider whether a subsequent warrantless seizure of the items left in plain view was reasonable." *State v. Grice*, 367 N.C. 753, 756 (2015) (citation omitted). The affidavit filed with the warrant listed defendant's criminal history, including a conviction for possession of a firearm by a felon. Although defendant stated the firearms did not belong to him, defendant had

constructive possession of the firearms by virtue of his residence in and control of the home, in violation of N.C.G.S. § 14-415.1. Accordingly, the seizure of the firearms was admissible despite the overly broad language in the warrant.

Having concluded that Paragraph 4, albeit overly broad, was severable, defendant has failed to establish the trial court plainly erred in denying his motion to suppress. Defendant has not shown that a fundamental error occurred at trial, and is unable to show that he was prejudiced by the search. There was no evidence admitted in the case that would have been excluded by the severance of Paragraph 4, and as previously discussed the firearms were located and seized in plain view and within defendant's constructive possession.

Defendant has also not shown that this is an exceptional case that warrants plain error review. Although defendant notes that the "cost to society of sanctioning the use of general warrants . . . is intolerable by any measure[,]" citing *United States v. Christine*, 687 F.2d 749, 758 (3d Cir. 1982), defendant has not otherwise presented a clear argument to establish that his case is exceptional. "Without any information on this portion of plain error review, we cannot impart any meaningful review for plain error." *State v. Patterson*, 269 N.C. App. 640, 645 (2020).

Accordingly, we conclude the trial court did not plainly err in denying the motion to suppress.

### B.    N.C.G.S. § 14-415.1

Defendant further contends N.C.G.S. § 14-415.1 violates the Second

Amendment of the United States Constitution. Defendant acknowledges this issue was not raised before the trial court and requests the invocation of Rule 2 to review the merits of this unpreserved claim. "Rule 2 relates to the residual power of our appellate courts to consider, in exceptional circumstances, significant issues of importance in the public interest or to prevent injustice which appears manifest to the Court and only in such instances." *State v. Campbell*, 369 N.C. 599, 602 (2017) (cleaned up). Defendant has failed to demonstrate the exceptional circumstances necessary to invoke Rule 2, and accordingly we decline to exercise our discretion to do so.

## III.    Conclusion

For the foregoing reasons, we hold the trial court did not plainly err in denying defendant's motion to suppress.

NO PLAIN ERROR.

Panel Consisting of Judges ARROWOOD, WOOD, and FREEMAN.

Report per Rule 30(e).